241964. Thank you. Mr. Novak. Please proceed. Good morning, Your Honors. Daniel Novak for Plaintiffs Radar Online and James Robertson. This case is about Radar Online's nearly decade-long fight to obtain the Epstein files in the face of FBI stonewalling. Enough is enough. The public is entitled to these files. In 2017, when Radar first filed their FOIA request, Jeffrey Epstein was alive and well, a free man, and not under any investigation. For two years, the FBI withheld materials, from disclosure, out of stated deference to Epstein's personal... I think the big question right now is why shouldn't we remand it to let the district court consider the impact, if any, of the Transparency Act and the pending 2255? Well, we can address the pending 2255, the habeas petition. That aspect has been briefed. As far as the Epstein Transparency Act goes, the Epstein Transparency Act is not supersede FOIA. FOIA exists on its own track. Well, I understand that, but if there are going to be lots of documents released soon, I think I have a copy of the government's letter to Judge Engelmeyer yesterday. It says, in the near term, should we not, does it not make sense to wait and see what indeed is released? No, Your Honor, for several reasons. Number one, there's no, we're past the deadline for the Epstein Transparency Act, so the near term, your guess is as good as mine as to what that means. Beyond that, we have no idea how the government intends to interpret the exemptions of the Epstein... Would it be any faster to continue this process and for us to write an opinion and then for it to go back to the district court? Would it be any more efficient? I would love to see a scenario where in the coming months that all this is mooted. I don't think we should proceed under that assumption. But just unless the opinion comes out immediately, there's some possibility some things will be mooted, right? So the government, so under FOIA, the government is saying there's a reasonably expected enforcement proceeding, right? Correct. But the Epstein Act says there has to be an actual and ongoing prosecution, right? That's a different standard and it's narrower, right? Well... So if the government were to comply with the Epstein Act, it's going to release a lot of stuff that it at least arguably could have withheld under FOIA, right? There is... Right, the FOIA lets you withhold things that would be an unwarranted invasion of personal privacy, but the Epstein Act says you can't withhold something if the personal privacy interest is that of a public official, a public figure, or a foreign dignitary, right? And at least here, some of the figures that they're saying have privacy interests would fall into those categories, right? Correct, Your Honor. But if the government were to comply with the Epstein Act, it means that they're going to release those files that they previously were withholding under FOIA, which would mean that if we then issued an opinion about whether they could or couldn't release it under FOIA, that would be an advisory opinion if they had released it, right? No, Your Honor. Why? Because, well, first of all... The third category, right, the 7E, about revealing law enforcement techniques, FOIA allows you to do that whenever the information would reveal law enforcement techniques, but the Epstein Act says only if it's classified, right? And you withhold it. Correct, Your Honor. So all of these categories, all the issues before us, the Epstein Act says, no, actually, we're going to narrow the available withholdings. Correct, Your Honor. Now, that depends on how the Justice Department interprets the Epstein Transparency Act. We've seen now how the Justice Department interprets FOIA. You can see that tracking the Epstein Transparency Act exemptions, they closely track the FOIA, right? Well, that's what I was just saying. There is a corresponding exemption to FOIA, but in every case, the Epstein Act makes it much narrower. So, like, the arguments that the government is making under FOIA are just, you just can't make them under the Epstein Act. But, Your Honor, the government has not changed its position. The government's position is still that the withholdings were correct. They haven't released more information to us or signaled desire to them. Well, I mean, because it's a massive undertaking, I guess, and it takes a little bit of time for them to release the documents. It also takes a little time for us to write an opinion. So by the time you do, it could be the case that a lot of the requests for documents are moved because the government has released them, right? Well, I would offer that we're looking at potentially millions of files. So this is going to take some time. I think we all recognize that. The correct thing to do here would be to remand, remand either on the issues that we've discussed, which will still help the district court figure out which files need to be released under Epstein transparency and FOIA. There is an overlap. The Venn diagrams are overlapping, but not fully. If we decide that retroactivity is inappropriate in this circumstance, which I would love to talk about, then. I'm sorry. What does that mean if we decide that retroactivity. Retroactivity. The Epstein transparency. Oh, I see. That's when, you know, an enforcement proceeding comes about. You can't then start withholding things for that reason. Correct, Your Honor. That's your position. And that would moot Epstein transparency act withholdings as well as FOIA withholdings. The position. I'm sorry. What? Why? Because there's no pending enforcement action when this FOIA request was submitted in 2017. The government could tomorrow. The Epstein act is a turn on when a FOIA request was submitted. The Epstein act just says you need to release these unless there's an active investigation. Correct. It seems pretty obvious that there is not an active and ongoing prosecution. There could be one. Whether there might be a reasonably expected enforcement proceeding. There could be one tomorrow. And let's talk about, I mean, that's the elephant in the room here. There have been statements made that the government has been directed to look into high profile individuals like Bill Clinton and others. I mean, there's no control over this. We've seen that there's no mechanism in the Epstein Transparency Act to enforce it. There was a recent attempt by congressmen to intervene. The most appropriate thing to do here is send this back. Maybe there's no mechanism to enforce it. I mean, if you withhold things, you have to file reports to Congress. This is something that Congress cares a lot about. They're going to have hearings and whatever. I mean, it seems like there is a lot of pressure. Which exists separate and apart from this FOIA action. What's the correct thing to do here is to look at the district court's decision. It sounds like you think we should remand. Absolutely. And what, on what, to do what? Well, you have two choices here. One, this court could decide that retroactive application of a law enforcement exemption that was not in effect at the time of the request or for the first two years is inappropriate, and therefore 7A is categorically not appropriate in this case. That's question one. That's number one.  Correct. Option number two would be to direct the court to do a proper segregability analysis, which it did not undertake. What does that mean? There's millions of pages, potentially. The district court decided that the FBI was entitled to a categorical exemption from FOIA. They said you don't have to go page by page. You don't have to figure out which pieces of these files are releasable. Despite the fact that it acknowledges Well, they didn't say that for all purposes. They just said for, you know, to the extent that you've determined a lot of the releases of these documents would undermine a law enforcement proceeding. That's every page. But, you know, for privacy interests, you need to segregate and so, like, you know. But we're talking about law enforcement. Right. But I'm a first part of that. The law enforcement exemption. Possibly every page. The FBI has released about 1,200 pages. We're talking about a corpus of potentially millions. We don't know because they're still finding new documents. The FBI has taken the position that every single page, not only every page, but every part of every page is categorically exempt. They've stopped counting. The bond index stops. Is there not an option three, which is to send it down and let the district court decide, see what is released, see, make a decision about the 2255, to consider some of these issues that you are raising now? That, to me, is the most, the lowest hanging fruit. Judge Gardefee will have to look at the effect of the Epstein Transparency Act. But, however. But he doesn't really, right, because it's not like there is a private right of action or something, right? So, but we're just, what could happen is the government complying with the Epstein Transparency Act would lead them to release more documents, and that might root out some of the FOIA claims. Right? It could, but this is. The case law on this is clear, but this is a live issue. They've lost the ability to assert certain exemptions. I mean, this is changing circumstances. The case is live. It should go back down. If this, if this panel sees fit to send it back down, the Epstein Transparency Act will have an overlay on all the decision-making going forward.  So it's going to change. Unless, excuse me, unless retroactivity is denied, because, again. Was retroactivity raised before Judge Gardee? Absolutely. And how did he, how did he resolve that? He decided that because there was a legitimate change in circumstances, which we don't dispute. We're not saying that the Southern District of New York prosecuted Gillian Maxwell to get out of a FOIA request, that it wasn't a belated application of Exemption 7A because it was time, right? Our position is that change in circumstance, there's no precedent for that. But why would that be? So you don't disagree that, like, if there's an ongoing law enforcement proceeding and then it ends, that's a change in circumstance that then means that the documents can no longer be withheld, right? Correct. So why wouldn't it work the other way, that if there is, like, if a law enforcement proceeding materializes, then the exemption applies? There's a straightforward reason. You know, it's not heads, I win, tails, you lose when it's government. On the one hand, if the law enforcement proceeding ends, there's no reason for them to continue withholding, obviously.  And plaintiffs could simply file another FOIA request, and the status quo would be whatever is in place at the time of that FOIA request. So the idea of holding on to exemption that you've lost, it doesn't work functionally, and it also doesn't hurt. But it works the same way. If you're in a situation where there's no reasonably expected law enforcement proceeding, it doesn't make sense to rely on 7A. But then if it turns out that you're now going to do a prosecution, then it makes sense to do it. So, like, if you're saying the logic applies at the end when it's dismissed, why wouldn't it apply when it begins? Because that ends up allowing the government to put placeholder exemptions in place, in this case the privacy exemption. Jeffrey Epstein's privacy was the asserted reason why for two years, and for 22 years. But there weren't placeholder exemptions, right? Because as we were saying, the privacy exemption is requiring these individual redactions and, like, a different analysis. Jeffrey Epstein's, yeah. And then when prosecution happens, they say, all right, well, now we're applying a different exemption, and it could apply more categorically because of the nature of the exemption. But the FBI took a very specific position, not just generally that privacy applies, but specifically that Jeffrey Epstein, who had already been convicted, mind you, right, pled guilty to child sex trafficking, well, more or less, that his personal privacy outweighed, this is a balancing test, the public's right to know. It's an absurd position. They're not arguing it today. They're not arguing it with respect to Gillian Maxwell. Because of that, they were allowed to put this, it's a stonewall for two years in place. Now, because of this. I don't know if it's a stonewall. I mean, sometimes you resolve a charge without bringing a prosecution. It might be that part of that is, like, you haven't proven the allegations, and it might be an inoriented invasion of privacy to release a bunch of material about somebody. Maybe that logic is applied here. I'm just saying it's, like, not obviously an insane thing to say. This case is special in certain ways. This is, the reason why this FOIA request was submitted and why this lawsuit was filed is because something deeply wrong happened. But can I just talk about the timing thing? You know, if they had at the outset, when the request is first made, they said, we're going to withhold this under 7A because there might be a prosecution in the future, wouldn't you have said, like, what are you talking about? There was a non-prosecution agreement with Epstein. Like, there's no expectation that you're going to bring a prosecution. How could you possibly invoke 7A when there isn't, like, an impending prosecution? So, like, they couldn't have preserved it at the moment of the FOIA request. But then you're saying when there is an actual prosecution, oh, it's too late. You should have asserted it before. Well, that's an issue, but that's, that's, that's, again, Jeffrey Epstein's, the investigation took place in 2007, 2008. Plea deal, serves his time. We're looking, we're flashing forward to 2017, okay? So if the, if the FBI had wanted to preserve the ability to, to prosecute Gillian Maxwell, they had many years, many years to pursue her. In part because of this FOIA request and the attention that it drew. Yeah, but whether and when they prosecute somebody, you know, can't, like, operate as a waiver of the right to withhold, right? I mean, like, FOIA can't, like, dictate the operations of the Justice Department. No, of course not. But the reality is it's, it's an unfortunate situation. It's perhaps unprecedented that we have such a delay between the actions and the prosecution. But, but. Can I ask one other question about, about the retroactivity? So you're saying the main reason why they can't invoke 7A is because of the timing of it. But I would have thought you have another argument, which is that a habeas proceeding is not a law enforcement proceeding, right? It's a civil action. So there isn't a, there isn't, like, an ongoing law enforcement proceeding, right? If, if this Court takes the position that, that Maxwell's habeas petition is, is not a concrete potential future prosecution of her, I would welcome that analysis. That's what she would love. Absolutely. Absolutely. I'm trying to meet you where you're at. I'm not trying to presume. Right. And so it's like I've read, I mean, I have Ghislaine Maxwell's pro se habeas petition. I mean, would you agree it's probably not a reasonable expectation that this is going to result in a new. Absolutely. Absolutely, Your Honor. I, I, look, her, her habeas petition is unlikely to go anywhere. And she can serially file appeals and subsequent ones. This is right up your alley. But this is, this is what I'm talking about. This is the change in circumstances, right? So why don't we hear from the government? And you reserve three minutes for rebuttal. Absolutely. Thank you. Ms. Welker? Good morning. Good morning. May it please the court, ASA Allison Rovner on behalf of the FBI. First of all, I'll address the government's remand motion. That would be very helpful. The government believes that the proper procedure is for this court to remand this case to district court for further proceedings. That's because this case is materially different than the case that was briefed before this court or in district court. Let's just get right to it. You heard Mr. Novak's three options. And maybe you've got some other option for us in terms of the possibilities of remand and what we might say. But take us through your view of what the remand should look like. Okay. Well, there's two reasons that the case should be remanded. And most notably is that since the parties have briefed this case, Congress passed the Epstein Files Transparency Act. No, I understand that. There's not a lot of time. Let's just get right to it. What are our options if we agree with both sides now? So remand, how do we do that? How would we write the order? What do you want? The court should remand this case to the district court to allow the release that's going to happen in the near term to happen. And then the parties in the district court can see what documents have been released. You mean the release pursuant to the Transparency Act? Yes, Your Honor. If we remand it to the district court, does that mean we also have to vacate the judgment? Vacate the judgment and remand it for the district court to reach a new conclusion based on the new landscape as to what is releasable or not? I think the court could do a Jacobson remand and remand it to the district court for the district court to come right back to us. But then there would be an instant order that is out there. Wouldn't it make more sense to vacate it? Would you have an objection to vacate? Let me ask you that. I think. You said that the landscape has changed significantly. And the order rests on the prior landscape. And I'll let it rest on the prior landscape. So why wouldn't we vacate? I think it would be okay to vacate because the facts have changed significantly. And when the case is remanded to the district court, a substantial release is likely to happen in the near term. Right. So right now there's a judgment from the district court that says the government doesn't have to turn over these documents. If we were to vacate that, then the district court would have to say, all right, now that the government is releasing more of the documents, I can determine what there really is a controversy over and the extent to which FOIA applies to that narrower universe of documents. So then we'd have a new judgment that we could review. Right? I think that's right. Mr. Rubner, I'll give you just a moment to confer with Mr. Torrance, if you want. Yeah. So what Your Honor said about option three is what the government would want here. Okay. Sorry. I lost track. What was option three? Just a general remand. A vacature? A remand. Oh, just a vacated remand. And let Judge Gardner figure it out. Right. Yes. Without specifying either with respect to retroactivity or segregability what he needs to do. Is that fair? That's correct. Because once the documents are released under the Act, that may moot the entire FOIA case. We want it to vacate without making any rulings. The plaintiff wants us to make some rulings on some of these issues. And you think the best recourse, the best way to go is just to let Judge Gardner take the first crack at it after we see what documents are in fact released. Yes, Your Honor. Okay. Okay. So maybe we'll do that, but maybe we won't. So can I ask about some of the other questions? So, you know, the FOIA says that you can withhold it if the documents would interfere with or could be reasonably expected to interfere with a law enforcement proceeding, right? So the prosecution of Glenn Maxwell has ended. It's even been denied cert at the Supreme Court, right? Habeas proceeding is a civil action. It's not a law enforcement proceeding. So why would it be the case that we would think that any release could reasonably be expected to interfere with a law enforcement proceeding? Well, that's another reason for remand, because neither party briefed the applicability of subpoenas. Okay, so that's an argument for why maybe we shouldn't decide that here, but we might. So I don't know. What's your view of that? That the 2255 motion does constitute, because it could result in a new trial, that it's a prospective law enforcement proceeding. I mean, as I was saying to Mr. Novak, like, I have a copy of Glenn Maxwell's pro se habeas petition, where she alleges that there was, like, a conspiracy between the lawyers and the government. I mean, do you think it can be reasonably expected that this is going to result in a new trial of Glenn Maxwell? I mean, I don't think, respectfully, even if the analysis is based on a pending appeal as opposed to a collateral attack, that the analysis looks at the briefing and how likely it is. Well, why? I mean, the statute says reasonably expected. So shouldn't we have to decide whether it can be reasonably expected that there's going to be a law enforcement proceeding? I mean, first of all, it even says the documents need to be reasonably expected to interfere with the law enforcement proceeding. Now we're at a whole other level as to whether there even is going to be a law enforcement proceeding. And you're saying it doesn't even have to be that the law enforcement proceeding is reasonably expected. Just if there's, like, some kind of minute possibility there's going to be one, you could withhold it. That seems like a pretty dramatic departure from the statute, doesn't it? Well, I think the analysis is whether it's reasonably likely to interfere with a new trial, which, for the reasons explained in the government's brief, if we put aside the fact that— But you always mean that if there isn't a new trial, then nothing can be reasonably expected to interfere with it, right? So part of determining whether there's going to be—whether there's a reasonable expectation of interference is whether there's going to be a trial, right? That's correct. If there's no new trial, then it wouldn't reasonably interfere. So what do you think the odds are that there's going to be a new trial of Delaine Maxwell? Can you even answer that, Mr. Burton? I can't predict that, and I think that's also sort of— Because you represent the FBI here, not the U.S. Attorney's Office? Who do you represent? You represent the FBI? Well, this FOIA case is against the FBI, so that's who I represent. Well, I don't know. I mean, the statute says reasonably expected, so I'm trying to gauge whether the facts of this case meet that standard. So I want to know. I think it's relevant. What are the odds that we're going to see a new trial of Delaine Maxwell? I don't know how the court is going to act on Delaine Maxwell's 2255 motion, but I also think that the release of documents under the Epstein-Fowles Transparency Act has changed the factual circumstances so much that— Yeah, so I agree. So all of these arguments about whether a habeas proceeding might be a law enforcement proceeding, whether there might be a new prosecution, the Epstein Act says there must be an active and ongoing prosecution, right? To withhold documents. It definitely says active, and it says that— I think it says ongoing also. And that the withholding has to be narrowly tailored and temporary. Okay, so the arguments you're making about the significance of her habeas petition and the possibility of a new prosecution, they just don't apply under the Epstein Act, right? Well, we'll see what's released under the Epstein Act, and it's very possible that once the documents are released, then the arguments that are being made in this FOIA case will be moot because the documents will have been released. Right. Well, they might be moot to some extent because you might not release all the documents, right? But the universe will be different. That's true, but— The documents will be different. But the parties in the district court on remand can determine what, if anything, remains in the case after the release of documents under the Epstein Act.  Anything further, Ms. Redmond? If the Court has no further questions, the Government will rest on its remand motion. Thank you very much. Mr. Novak, rebuttal. You've heard a lot of ifs, a lot of it could moot. Who's to say? I don't—I'm not a betting man myself. I don't think that the Government has done anything over the last 10 years to give us any confidence that— But if the Government just agreed, like, the proper thing we should do is vacate the judgment where they won and then have a—direct the district court to issue a new one, that would mean there is no ruling, you know, that the Government can withhold the documents, right? Well, we still need a schedule. First of all, we need a schedule, right? Like, there's no schedule here for continued release to us. Just because they might be on a plan, an installment plan to, you know, get down those Epstein files in whatever pace they think see fit, it's still Judge Gardefee— I mean, you're saying whatever pace they see fit, but, I mean, it is a large volume of documents. I understand. Everyone needs to be analyzed for individual redactions. It's not— But let's have that, then. Let's have them make a submission. You can ask Judge Gardefee for a schedule, can't you? Absolutely. But that's—again, to get us—we need to get back down to district court. What we need is— No, not—this Court is not in a position to give a schedule. I agree. Thank you for that. Of course. I don't want to add to your already busy— We don't take it as an insult. If you'd like to give them a schedule, I would welcome that, but I wouldn't ask that from you. The district court needs guidance for the next phase. Like, this case is going to continue one way or another, it seems like, whether it's through the FBI's unilateral actions releasing or with some oversight from Judge Gardefee and the district court. Nonetheless, whatever decisions they make to redact or not redact, we will need guidance for. We will need guidance on whether or not retroactivity applies, whether or not— They might not need guidance, right? So if, in fact, the government abides by the standard that they'll only withhold if there's an active and ongoing prosecution— But that's if. Then, like, they're not going to be withholding anything on the ground that the habeas petition creates some kind of possibility that there's going to be a future prosecution. That would not be a legitimate reason to withhold. I'll be dancing in the streets if they make that determination, but that's an if. I cannot deal with the hypotheticals. We have to have structure to this. I mean, don't you think that the statute is pretty clear? I mean, it says active and ongoing investigation. I mean, I think— I think the FOIA is really clear, and they have not met FOIA for 10 years now, right? So we have— But you agree that active and ongoing prosecution is clearer than reasonably expected law enforcement? I think it's a better standard. I agree. However— No, it's better. However, even under that standard, Judge Gardefee made a mistake, respectfully, at the district court in allowing a categorical blanket exemption. So if there is something ongoing and active, which we don't know, between now and whenever this — the next phase of this Court goes, we need to have some guidance. We cannot have these categorical invocations of 7A or similar Epstein Act transparency arguments. Your Honor, as you heard from counsel for the FBI, say, okay, yes, at least with vacature, remand, option three, let Judge Gardeefee resolve these issues without us specifying how he should resolve the issues. Is there anything else you want? Yes, Your Honor. So, respectfully, I think Judge Gardeefee is in the best position to resolve the factual questions. I think the reason why he's here today is because he declined to do that in the first instance. He allowed a categorical blanket approach to cover— What message do you want, Mr. Novak? I'm sorry? What do you want? I want this Court to reverse on the issues of the applications of retroactivity, categorical — application of a categorical exemption on the basis of mere say-so that no file is releasable in light of the fact that Maxwell has already been prosecuting and seen millions of pages of documents, and there needs to be a segregability analysis. And so if Judge Gardeefee doesn't undertake those things in round two, whatever we're calling this, hypothetical remand, we will be back here with very similar questions, is my prediction. When you say hypothetical remand, what is that? I'm not presuming what this Court will do, yes. But if we remand, then you want actually more specificity in our order. More than simply look at this again in light of the Epstein Transparency Act. There's an error of law that was made on three issues. Well, to be precise, the district court is not going to be applying the Epstein Transparency Act, right, because there isn't a private right of enforcement, so it's just about what the government releases pursuant to that act that might moot out some of the claims. No, Your Honor. The way that FOIA works is that if the government, through Congress, through its own actions, makes certain categories of material public, it is no longer subject to an exemption under FOIA. So it does come under FOIA. Oh, okay. If tomorrow Congress decided that certain tax returns, information tax returns were public, the government would lose whatever exemption would apply to that. You're basically saying it overrides. It overrides, correct, Your Honor, yes. Well, so if that's true, then isn't it all the more, does that just all the more recommend that the district court needs to reach a new judgment because it even alters what the FOIA allows to be withheld? Yes, Your Honor. The district court has some work to do here, and I think appropriate guardrails would make sure this is done efficiently and with respect for the goals of FOIA, which is transparency and open government. Okay. Thank you. Thank you very much.  Appreciate it. Appreciate it.